# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
February 4, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GINGER M. HALL,**
**Claimant Below, Petitioner**

**vs.)  No. 15-0270** (BOR Appeal No. 2049794)
(Claim No. 2012000680)

**WEST VIRGINIA UNITED HEALTH SYSTEM,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ginger M. Hall, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia United Health System, by Daniel G. Murdock, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 24, 2015, in which the Board affirmed an August 28, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's May 11, 2012, decision granting Ms. Hall a 1% permanent partial disability award for her right shoulder. The Office of Judges granted Ms. Hall an additional 1% permanent partial disability for a total of a 2% award for her right shoulder. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Hall worked as a medical transporter for West Virginia United Health System. On June 30, 2011, she injured her right shoulder while transferring a patient onto a bed. Ms. Hall filed an application for workers' compensation benefits, and her claim was held compensable for a right shoulder strain. Ms. Hall came under the care of E. Barry McDonough, M.D., who initially treated her right shoulder conservatively, especially with physical therapy. Conservative treatment methods did not eliminate her symptoms, and Dr. McDonough ultimately performed a

1

right shoulder arthroscopic rotator cuff repair with biceps tenolysis. Six months later, Ms. Hall underwent a functional capacity evaluation at Healthworks Rehab and Fitness which determined that she had some loss of range motion in her right shoulder when compared with her uninjured left shoulder. Chuanfang Jin, M.D., then evaluated Ms. Hall. She determined that Ms. Hall had reached her maximum degree of medical improvement. Dr. Jin calculated Ms. Hall's loss of range of motion in her right shoulder under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) and determined that she had 4% upper extremity impairment for her injured right shoulder. Dr. Jin also determined that Ms. Hall had 2% upper extremity impairment for loss of range of motion in her uninjured left shoulder, which she attributed to pre-existing shoulder problems. Based on the non-compensable impairment in Ms. Hall's uninjured left shoulder, Dr. Jin apportioned 2% of the upper extremity impairment of her injured right shoulder to non-compensable problems. She determined that Ms. Hall had 2% upper extremity impairment related to her compensable right shoulder injury. Dr. Jin determined that this amounted to a 1% whole person impairment rating.

Based on Dr. Jin's evaluation, on May 11, 2012, the claims administrator granted Ms. Hall a 1% permanent partial disability award. A month after this decision, Anna Allen, M.D., requested that right rotator cuff tear be added as a compensable condition of the claim, and the claims administrator granted Dr. Allen's request. Bruce A. Guberman, M.D., then evaluated Ms. Hall. He found that Ms. Hall had 5% whole person impairment for loss of range of motion in her right shoulder. Dr. Guberman also noted that Ms. Hall had normal range of motion in her uninjured left shoulder. P. Kent Thrush, M.D., also evaluated Ms. Hall. He found that she had reached her maximum degree of medical improvement and had 2% whole person impairment for loss of range of motion in her right shoulder. Dr. Thrush also determined that she had no loss of range of motion in her uninjured left shoulder. Dr. Guberman, however, prepared a supplemental evaluation. He repeated his finding that Ms. Hall had 5% whole person impairment for loss of range of motion in her right shoulder. Dr. Guberman noted that Dr. Thrush found better range of motion in her uninjured left shoulder indicating that she did not have pre-existing shoulder problems affecting the range of motion in her right shoulder. On August 28, 2014, the Office of Judges reversed the claims administrator's May 11, 2012, decision and granted Ms. Hall an additional 1% award for a total of a 2% permanent partial disability award for her right shoulder. The Board of Review affirmed the Office of Judges' Order on February 24, 2015, leading Ms. Hall to appeal.

The Office of Judges concluded that Ms. Hall sustained 2% whole person impairment due to her June 30, 2011, compensable injury which would entitle her to 1% permanent partial disability above the award previously granted by the claims administrator. The Office of Judges based this determination on the evaluation of Dr. Thrush. It also considered the impairment recommendation of Dr. Jin. However, the Office of Judges did not rely on the apportionment Dr. Jin made for pre-existing loss of range of motion in her right shoulder. The Office of Judges determined, based on Dr. Thrush's evaluation, that Ms. Hall did not have any pre-existing range of motion deficits that should have been apportioned from the impairment related to her right shoulder. The Office of Judges also considered the evaluation of Dr. Guberman, but it determined that his range of motion testing was not consistent with the remainder of the evidence

in the record. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Hall has not demonstrated that she is entitled to any more than a 2% permanent partial disability award for her compensable right shoulder injury. The evaluation of Dr. Thrush demonstrates that Ms. Hall has 2% whole person impairment related to loss of range of motion in her right shoulder. Dr. Thrush properly evaluated Ms. Hall's impairment under the American Medical Association's *Guides*. Dr. Thrush's range of motion testing was also consistent with the calculations performed by Dr. Jin and the remainder of the evidence in the record. The Office of Judges was within its discretion in adopting Dr. Thrush's opinion. It also provided sufficient reasons for disregarding Dr. Guberman's impairment recommendation, and the Board of Review properly affirmed its Order.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 4, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II